UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLEG FEDCHUK,

        Plaintiff,

    v.

IMMIGRATION AND NATURALIZATION SERVICES, INC., *et al.,*

        Defendants.

Case No.  C07-5159 FDB/KLS

ORDER TO SHOW CAUSE FOR FAILURE TO STATE A CLAIM

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff purports to sue the Immigration and Naturalization Services (INS), the Director of Deportation Department [sic] and Neil Clark pursuant to 42 U.S.C. § 1983.  Plaintiff has, however, failed to allege any conduct or request relief pursuant to § 1983.  The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim.

**I. DISCUSSION**

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt*

ORDER
Page - 1

*v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff claims that he was granted asylum in the United States, but is now being subjected to double jeopardy because he was previously incarcerated by the Immigration and Naturalization Services. Plaintiff requests this Court to "clarify his rights pertaining to refugee status and to set the conditions as to his Constitutional rights as to whether or not he shall continue to be subjected to this type of treatment if he is to be deportable or not . . .".

Based on the facts alleged, the Court is unable to determine whether Plaintiff, who is no longer in the custody of the INS, is attempting to collaterally attack his immigration status and/or hearing, or is attempting to bring a Section 1983 action relating to his conditions of confinement at the Washington Corrections Center, where he is currently incarcerated. The facts as alleged are not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. In addition, Plaintiff's complaint must include factual allegations describing how each named Defendant caused or personally participated in causing him the harm that he claims he suffered.

Accordingly, it is **ORDERED**:

1.   Plaintiff shall show cause why this complaint should not be dismissed. Plaintiff shall file a response with the Court on or before **May 25, 2007.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the complaint be dismissed.

2. The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 19th day of April, 2007.

                                          Karen L. Strombom
                                          United States Magistrate Judge