UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLEG FEDCHUK,<br><br>          Plaintiff,<br><br>    v.<br><br>IMMIGRATION AND<br>NATURALIZATION SERVICES, *et al..*,<br><br>          Defendants. | Case No.  C07-5159 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED:**<br>**August 24, 2007** |

      This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4.  The Court is advised by Plaintiff that he no longer wishes to pursue this action.  Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

      On March 29, 2007, Plaintiff filed an application to proceed *in forma pauperis* and submitted a proposed complaint.  (Dkt. # 1).  Plaintiff's application to proceed *in forma pauperis* was granted.  (Dkt. # 4).  After review of Plaintiff's proposed complaint, the court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim.  (Dkt. # 6).  Based on the facts alleged by Plaintiff, the court was unable to determine whether Plaintiff, who is no longer in the

REPORT AND RECOMMENDATION
Page - 1

custody of the INS, is attempting to collaterally attack his immigration status and/or hearing, or is attempting to bring a Section 1983 action relating to his conditions of confinement at the Washington Corrections Center, where he is currently incarcerated.   Plaintiff was advised that the facts as alleged are not sufficient to state a claim under 42 U.S.C. § 1983 and that he must set forth facts describing when and where and by whom he was deprived of a constitutional right and in addition, that his complaint must include factual allegations describing how each named Defendant caused or personally participated in causing him the harm that he claims he suffered.  (*Id*).

In response, Plaintiff asks the court to "dismiss this cause of action, as the actors in this case are federal, not state, and therefore this cannot proceed under 42 U.S.C. section 1983." (Dkt. # 10).

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

**CONCLUSION**

The court should dismiss this action as plaintiff has voluntarily requested dismissal.  No answer or motion for summary judgment has been filed by the defendant.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 24, 2007,** as noted in the caption.

DATED this  27th  day of July, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2